UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER J. BAXTER, | : |
|     Plaintiff, | : |
|     v. | : 05-CV-0080 GMS |
| ALLEN FAMILY FOODS, INC., A/K/A, D/B/A AND/OR T/A ALLEN MILLING DIVISION, | : : |
|     Defendant and<br>    Third-Party<br>    Plaintiff, | : : |
|     v. | : JURY OF TWELVE DEMANDED |
| ALL-TEMP INSULATION, INC. and MESSICK & GRAY CONSTRUCTION, INC., | : : |
|     Third-Party<br>    Defendant. | : |

ANSWER OF ALL-TEMP INSULATION, INC.
TO THIRD-PARTY COMPLAINT OF DEFENDANT
ALLEN FAMILY FOODS, INC., WITH AFFIRMATIVE DEFENSES
AND CROSS-CLAIM AGAINST ALLEN FAMILY FOODS, INC.,
A/K/A, D/B/A AND/OR T/A ALLEN MILLING DIVISION;
ALLEN'S HATCHERY, INC. T/A AND D/B/A
ALLEN'S MILLING COMPANY, INC.;
<u>AND MESSICK & GRAY CONSTRUCTION, INC.</u>

    1. - 3.  Admitted.

    4.  Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, the defendant denies the allegations and demands strict proof thereof at trial of this case, if relevant.

    5.  Admitted.

6. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, the defendant denies the allegations and demands strict proof thereof at trial of this case, if relevant.

7. - 9. Admitted.

10. - 14. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in these paragraphs and, therefore, the defendant denies the allegations and demands strict proof thereof at trial of this case, if relevant. By way of further answer, the allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading and are, therefore, denied, and strict proof thereof is demanded at the time of trial, if relevant

15. Admitted.

16. Denied. The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading and are, therefore, denied, and strict proof thereof is demanded at the time of trial, if relevant.

17. Denied as stated. It is specifically denied that All-Temp had any duty to inspect the premises to discover the allegedly dangerous condition.

18. Denied. The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading and are, therefore, denied, and strict proof thereof is demanded at the time of trial, if relevant. By way of further answer, it is specifically denied that answering defendant had any duty to discover or fix the allegedly dangerous and defective condition described in plaintiff's Complaint.

19. Denied as stated. It is specifically denied that answering defendant had any duty to warn plaintiff of the allegedly dangerous and defective condition.

20. - 21. Denied. The allegations contained in these paragraphs are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading and are, therefore, denied, and strict proof thereof is demanded at the time of trial, if relevant.

22. Denied. The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading and are, therefore, denied, and strict proof thereof is demanded at the time of trial, if relevant. By way of further answer, insofar as paragraph 22 fails to identify which individuals defendant alleges to be agents, servants, workmen or employees, answering defendant is not in a position to admit any such averments.

COUNT I

23. The answering defendant incorporates by reference the answers to paragraphs 1 to 22 inclusive, as fully as though the same were herein set forth at length.

24. Denied. The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading and are, therefore, denied, and strict proof thereof is demanded at the time of trial, if relevant. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, the defendant denies the allegations and demands strict proof thereof at trial of this case, if relevant.

25. (a)-(r) Denied. The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading and are, therefore, denied, and strict proof thereof is demanded at the time of trial, if relevant.

26. Denied. The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading and are, therefore, denied, and strict proof thereof is demanded at the time of trial, if relevant. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the

averments contained in this paragraph and, therefore, the defendant denies the allegations and demands strict proof thereof at trial of this case, if relevant.

WHEREFORE, the responding defendant denies that it is liable on the cause of action declared upon.

## COUNT II

27. The answering defendant incorporates by reference the answers to paragraphs 1 to 26 inclusive, as fully as though the same were herein set forth at length.

28. Denied. The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading and are, therefore, denied, and strict proof thereof is demanded at the time of trial, if relevant. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, the defendant denies the allegations and demands strict proof thereof at trial of this case, if relevant.

29. (a) - (r) Denied. The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading and are, therefore, denied, and strict proof thereof is demanded at the time of trial, if relevant.

30. Denied. The allegations contained in this paragraph are conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading and are, therefore, denied, and strict proof thereof is demanded at the time of trial, if relevant. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, the defendant denies the allegations and demands strict proof thereof at trial of this case, if relevant.

WHEREFORE, the responding defendant denies that it is liable on the cause of action declared upon.

## AFFIRMATIVE DEFENSES

The answering defendant asserts the following Affirmative Defenses:

FIRST AFFIRMATIVE DEFENSE:

The Complaint fails to state a cause of action upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE:

All allegations pertaining to jurisdiction are denied and strict proof thereof is demanded at the trial of this case.

THIRD AFFIRMATIVE DEFENSE:

The defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings and/or damages alleged to have been sustained by

plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

FOURTH AFFIRMATIVE DEFENSE:

It is averred that the Complaint is replete with allegations which are vague, argumentative and conclusionary in nature and require no responsive pleading under the Rules of Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at the trial of this case.

FIFTH AFFIRMATIVE DEFENSE:

It is averred that the Complaint is replete with allegations which deal with conclusions of law which require no responsive pleading under the Rules of Procedure and are therefore denied and strict proof thereof is demanded at the trial of this case.

SIXTH AFFIRMATIVE DEFENSE:

It is averred that at all times concerned with this litigation, the answering defendant acted in a manner which was proper, reasonable, lawful, and in the exercise of good faith.

SEVENTH AFFIRMATIVE DEFENSE:

It is averred that at all times concerned with this litigation, plaintiff was treated in a proper and lawful manner.

EIGHTH AFFIRMATIVE DEFENSE:

It is further averred that if plaintiff sustained injuries and damages as alleged in the Complaint, it was due solely to his own negligence, carelessness and reckless disregard for the rights of others.

NINTH AFFIRMATIVE DEFENSE:

It is further averred that if plaintiff sustained injuries and damages as alleged, it was due solely and/or primarily to his assumption of the risk of said injuries and damages.

TENTH AFFIRMATIVE DEFENSE:

Pursuant to the provisions of Federal Rules of Civil Procedure, answering defendant, All-Temp Insulation, Inc., asserts that co-defendants, Allen's Hatchery, Inc. t/a and d/b/a Allen's Milling Division, and Messick & Gray Construction, Inc., are alone liable or are jointly and severally liable or are liable over to answering defendant, on the cause of action declared upon in the Complaint by plaintiff, and therefore, co-defendants, Allen's Hatchery, Inc. t/a and d/b/a Allen's Milling Division, and Messick & Gray Construction, Inc. are hereby severed and joined as additional defendants in this action.

ELEVENTH AFFIRMATIVE DEFENSE:

The responding defendant avers that the situs described in plaintiff's Complaint was owned, possessed or controlled by another party and/or tenant; that it was their duty to keep and maintain said situs in a reasonably safe condition; that if there were any unsafe or hazardous conditions thereon, it was due to their carelessness and negligence; and if the Complainant was injured as alleged, it was due solely to the negligence and carelessness of said party (whose identity answering defendant believes is Allen's

Hatchery, Inc. t/a and d/b/a Allen's Milling Division, Messick & Gray Construction, Inc., and Complete Scaffolds, Inc.)

TWELFTH AFFIRMATIVE DEFENSE:

The answering defendant avers that the situs described in plaintiff's Complaint was possessed or controlled by an independent contractor; that it was the duty of said contractor to keep and maintain said situs in a reasonably safe condition; that if there was any unsafe or hazardous condition thereon, it was due to the carelessness, recklessness and negligence of said contractor; and that if the plaintiff suffered property damage and/or was injured as alleged, it was due solely to the negligence, recklessness and carelessness of said aforementioned contractor whose identity the answering defendant believes are Allen's Hatchery, Inc. t/a and d/b/a Allen's Milling Division, Messick & Gray Construction, Inc., and Complete Scaffolds, Inc.

THIRTEENTH AFFIRMATIVE DEFENSE:

The situs referred to in plaintiff's Complaint is owned by parties other than the answering defendant whose identity is believed to be Allen's Hatchery, Inc. t/a and d/b/a Allen's Milling Division, the responsibility for its care, maintenance and supervision rests solely upon said party and/or persons or entities unknown to the answering defendant and over which the answering defendant has no control, and the answering defendant is in no way responsible for its condition.

FOURTEENTH AFFIRMATIVE DEFENSE:

Answering defendant asserts that at the time and place averred in plaintiff's Complaint, an intervening and superseding event/action took place which as a matter of law relieves answering defendant from any and all liability.

WHEREFORE, the responding defendant denies that it is liable on the cause of action declared upon.

CROSS-CLAIM AGAINST ALLEN FAMILY FOODS, INC.,
A/K/A, D/B/A AND/OR T/A ALLEN'S MILLING DIVISION;
ALLEN'S HATCHERY, INC. T/A AND D/B/A
ALLEN'S MILLING COMPANY, INC.; AND
MESSICK & GRAY CONSTRUCTION, INC.

1. If the allegations contained in plaintiff's civil action Complaint are proved as true at the time of trial, such allegations being hereby expressly denied, answering defendant contends that the defendants, Allen's Family Foods, Inc., a/k/a, d/b/a and/or t/a Allen's Milling Division; Allen's Hatchery, Inc., t/a and d/b/a Allen's Milling Company, Inc.; and Messick & Gray Construction, Inc., were negligent, reckless or otherwise failed to comply with the application standards of law for their legal obligations.

2. The answering defendant denies any liability to the plaintiff in this action. If there is legal responsibility for the damages set forth in plaintiff's civil action, that responsibility lies with co-defendants, Allen's Family Food, Inc., a/k/a, d/b/a and/or t/a Allen's Milling Division; Allen's Hatchery, Inc., t/a and d/b/a Allen's Milling Company, Inc.; and Messick & Gray Construction, Inc., whose acts and/or omissions make them solely

liable, liable over by way of indemnification and contribution and/or jointly or severally liable.

WHEREFORE, the answering defendant demands that the plaintiff's cause of action be dismissed together with costs.

TYBOUT, REDFEARN & PELL

/s/ Richard W. Pell
_____
RICHARD W. PELL, I.D. #178
TIMOTHY S. MARTIN, I.D. #4578
Eleventh Floor
300 Delaware Avenue
P. O. Box 2092
Wilmington, DE  19899
(302) 658-6901
Attorneys for Defendant
 All-Temp Insulation, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2005, I electronically filed Answer of All-Temp Insulation, Inc. to Third-Party Complaint with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Louis J. Rizzo, Jr., Esquire
1001 Jefferson Plaza, Ste. 202
Wilmington, DE  19801

I hereby certify that on March 30, 2005, I have mailed by United States Service, the document(s) to the following non-registered participants:

Roger D. Landon, Esquire
Philip T. Edwards, Esquire
Murphy, Spadaro & Landon
1011 Centre Rd., Ste. 210
Wilmington, DE  19805

Ronald A. Smith, Esquire
1617 JFK Boulevard, Ste. 340
Philadelphia, PA  19103

TYBOUT, REDFEARN & PELL

/s/ Richard W. Pell

RICHARD W. PELL, I.D. #178
Eleventh Floor
300 Delaware Avenue
P. O. Box 2092
Wilmington, DE  19899
(302) 658-6901
Attorney for Third-Party
 Defendant All-Temp Insulation